UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Ashmeen Modikhan_____

     Plaintiff

  -V-

Marianne DeRosa_____,

    Defendant / Trustee


Alan Nisselson_____,

    Defendant / Trustee

-------------------------------------------------------------X

REQUEST FOR
CERTIFICATE OF DEFAULT
1-25-CV-00240-EK

TO: BRENNA B. MAHONEY
   UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF NEW YORK

   Please enter the default of defendant(s), Marianne DeRosa and Alan Nisselson (Trustees) pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or otherwise defend this action as fully appears from the court file herein and from the attached affirmation of Ashmeen Modikhan.

Dated: 10/08/2025

By: /s/ Ashmeen Modikhan
Ashmeen Modikhan (Pro Se)
94-22 Magnolia Court, Unit 1B
Ozone Park, NY 11417
(718) 869 33384
aakl123@aol.co

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Ashmeen Modikhan\
                        Plaintiff

-V-

Marianne DeRosa\
                      Defendant / Trustee

Alan Nisselson\
                      Defendant / Trustee

-------------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF REQUEST FOR CERTIFICATE OF DEFAULT**
**1-25-CV-00240-EK**

I, Ashmeen Modikhan hereby declare as follows:

1. I am the plaintiff in this action.

2. This action was commenced pursuant to Rule 55 (a) Default Judgment.

3. The time for defendant(s), Marianne DeRosa and Alan Nisselson, to answer or otherwise move with respect to the complaint herein has expired.

4. Defendant(s), Marianne DeRosa and Alan Nisselson, has not answered or otherwise moved with respect to the complaint, and the time for defendant(s) Marianne DeRosa and Alan Nisselson to answer or otherwise move has not been extended.

5. That defendant(s) Marianne DeRosa and Alan Nisselson is not an infant or incompetent. Defendant(s) Marianne DeRosa and Alan Nisselson are not presently in the military service of the United States as appears from facts in this litigation.

6. Defendant(s) Marianne DeRosa and Alan Nisselson is indebted to plaintiff, Ashmeen Modikhan, in the following manner (state the facts in support of the claim(s)):

_____

_____

| SEE ATTACHED DOC # 6 |
| --- |
| MOTION FOR ENTRY OF DEFAULT AGAINST APPELLEES AND REQUEST FOR JUDICIAL NOTICE |
|  |
|  |
|  |

WHEREFORE, plaintiff Ashmeen Modikhan requests that the default of defendant(s) Marianne DeRosa and Alan Nisselson be noted and a certificate of default issued.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief that the amount claimed is justly due to plaintiff, and that no part thereof has been paid.

Dated: 10/08/2025

By: *Ashmeen Modikhan*
Ashmeen Modikhan (Pro Se)
94-22 Magnolia Court, Unit 1B
Ozone Park, NY 11417
(718) 869 33384
aakl123@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Ashmeen Modikhan_____
          Plaintiff                          **CERTIFICATE OF DEFAULT**
    -V-                                                1-25-CV-00240-EK

Marianne DeRosa_____,
          Defendant / Trustee

Alan Nisselson_____,
          Defendant / Trustee

-----------------------------------------------------------------X

    I, Brenna B. Mahoney, Clerk of Court of the United States District Court for the Eastern District of New York, do hereby certify that the defendant Marianne DeRosa and Alan Nisselson has not filed an answer or otherwise moved with respect to the complaint herein. The default of defendant Marianne DeRosa and Alan Nisselson is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: _____2025

                                                  BRENNA B. MAHONEY, Clerk of Court

                                                  By:_____
                                                         Deputy Clerk

...

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Ashmeen Modikhan_____
            Plaintiff
   -V-

Marianne DeRosa_____,
           Defendant / Trustee


Alan Nisselson_____,
           Defendant / Trustee
-------------------------------------------------------------------X

MOTION FOR DEFAULT JUDGMENT
1-25-CV-00240-EK

Plaintiff Ashmeen Modikhan hereby moves the Court pursuant to Federal Rule of Civil Procedure 55 (b) and Local Civil Rule 55.2 to enter default judgment in favor of plaintiff and against defendant(s) Marianne DeRosa and Alan Nisselson on the grounds that said defendants(s) failed to answer or otherwise defend against the complaint.

Dated: 10/08/2025

(Signature)

Ashmeen Modikhan
Print Name of Plaintiff Pro Se

94-22 Magnolia Court, Unit 1B
Address

Ozone Park, NY 11417


TO:  Alan Nisselson
      Windels Marx Lane Mittendorf LLP
      156 West 56th Street
      New York, NY 10019

      Marianne DeRosa
      100 Jericho Quadrangle, Suite 127
      Jericho, NY 11753

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Ashmeen Modikhan_____
        Plaintiff
-V-

Marianne DeRosa_____,
        Defendant / Trustee

Alan Nisselson_____,
        Defendant / Trustee

----------------------------------------------------------------X

AFFIRMATION IN SUPPORT
OF MOTION FOR
DEFAULT JUDGMENT
1-25-CV-00240-EK

    I, Ashmeen Modikhan hereby declare as follows:

1. I am the plaintiff in this action.

2. This action was commenced pursuant to Rule 55 (a) Default Judgment.

3. The time for defendant(s), Marianne DeRosa and Alan Nisselson, to answer or otherwise move with respect to the complaint herein has expired.

4. Defendant(s), Marianne DeRosa and Alan Nisselson, has not answered or otherwise moved with respect to the complaint, and the time for defendant(s) Marianne DeRosa and Alan Nisselson to answer or otherwise move has not been extended.

5. That defendant(s) Marianne DeRosa and Alan Nisselson default has been noted by the Clerk of Court. A copy of the Certificate is attached hereto.

6. Defendant(s) Marianne DeRosa and Alan Nisselson is indebted to plaintiff, Ashmeen Modikhan, in the following manner (state the facts in support of the claim(s)):

    Plaintiff, Ashmeen Modikhan Opening Brief was a timely file on March 5, 2025

Defendants failed to files response brief due on April 4. 2025

The was no motion for extension of time from the Defendants

SEE ATTACHED DOC # 6 - MOTION FOR ENTRY OF DEFAULT AGAINST APPELLEES AND REQUEST FOR JUDICIAL NOTICE

WHEREFORE, plaintiff Ashmeen Modikhan requests that a default judgment be entered in favor of plaintiff Ashmeen Modikhan and against defendant(s) Marianne DeRosa and Alan Nisselson.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to plaintiff, that no part thereof has been paid, and that the disbursements sought to be taxed have been made in this action or will necessarily be made or included in this action.

Dated: 10/08/2025

By: /s/ Ashmeen Modikhan
Ashmeen Modikhan, Plaintiff Pro Se)
94-22 Magnolia Court, Unit 1B
Ozone Park, NY 11417
718-869-3384
aakl123@aol.com

"ATTACHMENT"

*** Filed *** 09:18 PM, 21 Apr, 2025 U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Ashmeen Modikhan,<br>    Appellant,<br><br>v.<br><br>Marianne DeRosa,<br>    Appellee,<br><br>And<br><br>Alan Nisselson,<br>    Appellee. | Case No. 1:25-cv-00240-EK |

**MOTION FOR ENTRY OF DEFAULT AGAINST APPELLEES AND REQUEST FOR JUDICIAL NOTICE**

Ashmeen Modikhan, Appellant pro se, respectfully submits this Motion for Entry of Default and Request for Judicial Notice to preserve her rights and request appropriate relief for appellees' failure to respond to her Opening Brief. This motion also supports Appellant's ongoing objection to procedural irregularities now impacting multiple related dockets before this Court.

# I. MOTION FOR ENTRY OF DEFAULT

Appellant filed her Opening Brief on March 5, 2025. Pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(1)(B), Appellees were required to file their responsive briefs no later than April 4, 2025. To date:

- Appellee Alan Nisselson, through counsel Edmund B. Troya, submitted no formal response brief and instead filed a letter on April 16, 2025—twelve days past the deadline and without seeking leave or extension.

- Appellee Marianne DeRosa has filed no response or appearance whatsoever.

Neither party requested or obtained an extension under FRBP 8018(a)(4) or EDNY Local Rule 83.2. Their inaction constitutes a clear procedural default. Appellant respectfully moves this Court to recognize that default and decline to consider any future submissions.

This failure is not harmless. The Second Circuit has made clear that courts should not reward non-compliance with briefing deadlines. See *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) ("Strict adherence to procedural rules is necessary to maintain fairness and judicial efficiency."); *In re Lane*, 959 F.2d 63, 67 (6th Cir. 1992); *In re Freeman*, 956 F.2d 252, 255 (11th Cir. 1992). Participation now, after the deadline, would violate Appellant's Fifth Amendment due process rights and Article I, § 6 of the New York Constitution.

## II. REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 and in support of the record on appeal, Appellant respectfully requests that this Court take judicial notice of the following:

1. That Appellant's Opening Brief was timely filed on March 5, 2025;

2. That no responsive brief was filed by Appellees by the April 4, 2025, deadline;

3. That no motion for extension of time was submitted by any Appellee;

4. That in EDNY Case No. 24-cv-08825, the same alleged creditors—SN Servicing, Rushmore, U.S. Bank, and their counsel, Friedman Vartolo— were added sua sponte by this Court, and allowed to file full reply briefs de facto defending the appellee, Darren Aronow, despite being dismissed with prejudice from the underlying action;

5. That in this appeal, where those parties are the subject of the alleged fraud, they were omitted from the caption, insulating them from accountability;

6. That Appellee Alan Nisselson is also named in EDNY Case No. 24-cv-06908, currently pending before this Court, which involves the unauthorized substitution of Nisselson as Palintiff and alleged settlement via the

3

presentation of a forged retainer agreement in a personal injury case (Index No: 706339/2015) actions taken without proper notice or supporting documentation;

7. That Appellee Darren Aronow, subject of a malpractice-based appeal (Case No. 1:24-cv-08825-EK), has likewise failed to file any response brief by his deadline but the parties central to this appeal filed two extensive reply briefs before this judge (Honorable Erik Komitee) defending their position while also protecting Darren Aronow's position for not objecting to the proof of Claims subject to this Rule 60 appeal and the corresponding Motions to Lift the Automatic Stays;

8. That **Judge Jill Mazer-Marino** failed to confirm her oath of office on the record, refused to recuse, and authorized:

   1. The use of the fraudulent/forged retainer agreement (Personal Injury case)

   2. The approval of the personal injury case alleged settlement without any supporting documents while allowing significant disbursement of monies to a pre-petition alleged creditor without filing proof of claim,

3. The allowance of false/fraudulent proofs of claim 5-1 and 6-1 (Magnolia Court and Howard Beach) leading to the granting of the automatic stays,

4. Summary judgment dismissing a malpractice case post-deposition,

5. Denial of sanctions after discovery confirmed wrongdoing;

9. That in the Howard Beach unlawful foreclosure (Index No: 301/2010 Efile: 705854/2021) handled by Friedman Vartolo, LLP since 2021 made an appearance in the underlying unlawful foreclosure case immediately after the Appellant began challenging subject matter jurisdiction in the Bankruptcy Court and the 2014 order dismissing the unlawful foreclosure for failure to produce the note and other 2014 documents have been removed from the state court docket;

10. That in the Magnolia Court unlawful foreclosure (Index No.: 2005/2012 Efile: 705175/2021), there is evidence of tampering with a court order and suppression of material evidence. Specifically, Friedman Vartolo LLP's predecessor, Gross Polowy, LLC, recorded a false/fabricated assignment in the land records, despite knowing that Nationstar Mortgage LLC was not the holder of the promissory note. The record shows that Fannie Mae had sold the underlying mortgage **debt** to MTGLQ Investors, LP in a non-performing

5

loan auction two years prior to the entry of the unlawful foreclosure judgment in the name of Nationstar Mortgage, LLC. Nonetheless, a foreclosure judgment was obtained in the name of Nationstar, acting as servicer first for Fannie Mae and later for MTGLQ. These, among other fraudulent acts, are now directly under challenge in this and related appeals.

11. That this pattern demonstrates not isolated neglect but a deliberate obstruction of appellate review through selective inclusion and omission of parties

12. That all of these matters are before this Honorable Court, raising serious concerns about interconnected misconduct, procedural gamesmanship, and denial of fundamental due process.

### III. PROFESSIONAL CONDUCT VIOLATIONS

These defaults are compounded by ongoing violations of professional obligations. Attorneys representing the Trustees, including Mr. Edmund B. Troya, are bound by the New York Rules of Professional Conduct and the ABA Model Rules, including:

- Rule 1.1 (Competence),

- Rule 1.3 (Diligence),

- Rule 3.3 (Candor Toward the Tribunal), and

- Rule 8.4(c) & (d) (Conduct involving fraud and prejudicial to the administration of justice).

Mr. Troya's post-deadline April 16 letter, submitted in lieu of a required brief without seeking leave, raises serious concerns under Rule 1.3 and Rule 8.4(d) for conduct prejudicial to the administration of justice. Meanwhile, Trustee DeRosa's complete silence reflects not only a procedural default but a dereliction of fiduciary responsibility under 28 U.S.C. § 586 and U.S. Trustee guidance. These omissions impair Appellant's access to the appellate process, violate constitutional due process, and should not be condoned.

## IV. PRESERVATION OF RIGHTS

Appellant expressly preserves all constitutional, statutory, and appellate rights arising from the procedural irregularities and due process violations now infecting this appeal and related matters pending before this Court. These include, but are not limited to:

- The improper captioning of this appeal, which excluded key alleged creditor-opponents who filed substantive oppositions to the Rule 60(b) motion and whose alleged claims are central to the issues under review;

7

- The procedural default of named appellees who failed to respond within the time required by FRBP 8018(a)(1)(B), and who have submitted no formal request for leave or explanation;

- The continued judicial concealment of misconduct by permitting omitted parties to evade accountability in this case, even as those same parties are allowed to appear and argue in separate dockets before this Court where their interests align with other appellees;

- And the broader, systemic abuse of procedure and party alignment across multiple dockets—used to shield fraudulent filings, suppress constitutional objections, and manipulate appellate posture to favor court officers and conflicted fiduciaries.

Appellant objects to any post-deadline or retroactive participation by omitted appellees whose conduct was directly challenged in the Rule 60(b) motion now on appeal. Although SN Servicing Corporation, Rushmore Loan Management Services, and U.S. Bank Trust opposed the motion in the bankruptcy court, they were not included in the caption of this appeal—despite being indispensable parties whose proofs of claim and related filings are central to the order under review. It should be noted that they were also properly served the Notice of Appeal by the Appellant. Their exclusion, whether by oversight or deliberate omission, cannot

Case 1:25-cv-00240-EK   Document 13   Filed 10/08/25   Page 17 of 19 PageID #: 946

now be cured without violating Appellant's due process rights. The deadline to respond to the Opening Brief has passed, and no timely appearance or motion for leave was made. To permit their participation at this stage would substantially prejudice Appellant's ability to reply, distort the appellate record, and undermine the integrity of this proceeding. Appellees Alan Nisselson and Marianne DeRosa, who were properly named, must remain as parties due to their fiduciary failure to investigate or elevate serious and substantiated allegations of fraud relating to those same claims. Any attempt by the Court to retroactively amend the caption or allow untimely intervention will be preserved as a constitutional violation for review by the United States Court of Appeals for the Second Circuit.

## V. PRAYER FOR RELIEF

WHEREFORE, Appellant respectfully requests that this Court:

1. Enter default against Appellees Alan Nisselson and Marianne DeRosa for failure to respond under FRBP 8018(a)(4);
2. Take judicial notice of the facts stated above under Fed. R. Evid. 201;
3. Deny participation by defaulting or omitted parties;
4. Recognize the broader pattern of judicial and procedural misconduct infecting this and related cases;
5. Preserve the appellate record for higher court review;
6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/Ashmeen Modikhan*

Ashmeen Modikhan
Appellant, Pro Se
94-22 Magnolia Court, Unit 1B
Ozone Park, NY 11417
(718) 869-3384

Dated: April 21, 2025

## CERTIFICATE OF SERVICE

I, Ashmeen Modikhan, hereby certify that on April 21, 2025, I served the foregoing documents on the following parties via the Court's CM/ECF system and email, which constitutes service upon all counsel and registered parties of record:

- Edmund B. Troya, Esq., Counsel for Alan Nisselson
- Marianne DeRosa, Trustee
- Office of the United States Trustee
- All other parties who have entered appearances via CM/ECF

/s/Ashmeen Modikhan
Ashmeen Modikhan
Appellant, Pro Se
94-22 Magnolia Court, Unit 1B
Ozone Park, NY 11417
(718) 869-3384

Dated: April 21, 2025

11